# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| STANLEY I. TILLMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15CV979 CDP |
| | ) |
| NESTLE PURINA PETCARE, CO., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action arising under state tort law. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.50, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, the Court directs plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. And under Rule 12(h)(3) of the Federal Rules of Civil Procedure, the Court must dismiss any civil action where it is apparent that the Court lacks subject matter jurisdiction.

### Background

Plaintiff alleges that he fed his dog "chicken jerky dog treats" that were made by and distributed by the defendants. He says that the treats made his dog sick, including causing kidney failure and a stroke. Plaintiff seeks to hold defendants liable for negligence and breach of implied warranty. He also seeks damages under 42 U.S.C. § 1983.

Defendants are Nestle Purina Petcare, Co. ("Purina"), Waggin' Train, LLC ("Waggin' Train") (misspelled as Wagon Train in the complaint), Walmart Stores, Inc. ("Walmart"), Walgreens Co. ("Walgreens"), and CVS Health Corp. ("CVS") (incorrectly listed as CVS Corp. in the complaint).

The causes of action brought by plaintiff are based on state, not federal, law. Title 42 U.S.C. § 1983 provides a cause of action only when a state actor deprives a person "of any rights, privileges, or immunities secured by the Constitution and [federal] laws." Defendants are not state actors, and plaintiff's claims do not rise to the level of a constitutional violation. Plaintiff has not cited any other federal statute as a basis for federal jurisdiction, nor could he. As a result, plaintiff's claims under 42 U.S.C. § 1983 are frivolous, and federal question jurisdiction does not exist under 28 U.S.C. § 1331.

To bring a state law case in federal court, diversity jurisdiction must exist under 28 U.S.C. § 1332. For diversity jurisdiction to exist, plaintiff and the defendants must be "citizen[s] of different States." 28 U.S.C. § 1332(a)(1). "It is, to say the least, well settled that federal diversity jurisdiction requires complete diversity, so that no defendant is a citizen of the same state as any plaintiff." *Walker v. Norwest Corp.*, 108 F.3d 158, 162 (8th Cir.1997). Additionally, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

"[F]or purposes of determining diversity of citizenship, the controlling consideration is the domicile of the individual. With respect to the domicile of prisoners, the traditional rule is that a prisoner does not acquire a new domicile when he is incarcerated in a different state; instead, he retains the domicile he had prior to his incarceration." *Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977) (citations omitted). A prisoner can rebut this presumption, however, by

2

showing "facts sufficient to indicate a bona fide intention to change his domicile to the place of his incarceration." *Id.* at 251.

Plaintiff[1] is incarcerated in the Western Reception & Diagnostic Correctional Center for a felony committed in St. Charles County, Missouri. *Verified at* the Missouri Department of Corrections' website: https://web.mo.gov/doc/offSearchWeb/, and Missouri Case.net: https://www.courts.mo.gov/casenet/base/welcome.do. So, it appears likely that plaintiff is a citizen of Missouri.

Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Therefore, the Court must look to where the corporate defendants are incorporated to determine diversity of citizenship.

Purina is incorporated in Missouri. *Verified at* the Missouri Secretary of State's website: http://www.sos.mo.gov/. Walgreens and CVS are incorporated in Delaware. *Verified at* the Delaware Secretary of State's website: https://delecorp. delaware.gov/tin/GINameSearch.jsp. Walmart is incorporated in Arkansas. *Verified at* the Arkansas Secretary of State's website: http://www.sos.arkansas.gov/Pages/default.aspx. Plaintiff has not alleged the principal places of business for these corporations.

Waggin' Train is an LLC registered in Delaware. *Verified at* the Delaware Secretary of State's website. LLCs are not "citizens" under 28 U.S.C. § 1332(c)(1). "The citizenship of a partnership is the citizenship of the partners, even if they are limited partners, so that if even one of the partners (general or limited) is a citizen of the same state as the plaintiff, the suit cannot be maintained as a diversity suit." *E.g., Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

---

[1] Plaintiff's prison registration number is 1266796.

3

Plaintiff has not alleged the locations of the partners of Waggin' Train. Therefore, he has not adequately alleged diversity jurisdiction for this entity.

Because it appears that subject matter jurisdiction is lacking, the Court will order plaintiff to show cause why this action should not be summarily dismissed. In doing so, plaintiff must list the principal place of business for the corporate defendants, and he must list the citizenship of the partners for the LLC defendants. If plaintiff asserts that he was domiciled in another state before his incarceration, he **must** submit a sworn affidavit to that effect.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.50 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff must show cause, no later than **July 14, 2015**, why this action should not be dismissed for lack of jurisdiction.

Dated this 24th day of June, 2015.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE